IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-00299-01-CR-W-BP |
| ) | |
| NATHAN RODGERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION AFFIRMING DETENTION ORDER**

Defendant was indicted in December 2024 on three counts of being a felon in possession of a firearm and one count each of conspiring to distribute fentanyl, distributing fentanyl, and using or carrying a firearm during and in relation to a drug trafficking crime. (Doc. 1.) The Indictment includes a forfeiture count.

Defendant was arrested in February 2025 and appeared before the Honorable Jill A. Morris, United States Magistrate Judge for this District. The Government moved to have Defendant detained, and Judge Morris held a hearing on February 26, 2025. At the conclusion of the hearing, Judge Morris ordered that Defendant be detained pending trial. (Doc. 16.) Defendant has now filed a Motion to Revoke Detention Order. The Court has reviewed the matter *de novo* and the Motion, (Doc. 34), is now **DENIED**.

A criminal defendant is to be detained pending trial if no condition or conditions of confinement will assure the defendant's presence at court proceedings or the safety of another person or the community. 18 U.S.C. § 3142(e)(1). When making this determination, the Court considers:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and characteristics, including: employment, length of residence in the community, past conduct, criminal history, "record concerning appearance at court proceedings," and whether the defendant was on probation, parole, or other form of release at the time of the alleged offense; and

(4) the nature and seriousness of the danger to any person or the community if the defendant is released.

*Id.* § 3142(g). Finally, given the crimes Defendant is alleged to have committed, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3).

In ordering that Defendant be detained Judge Morris found he overcame the rebuttable presumption. However, she ordered that he be detained because (1) clear and convincing evidence established detention was necessary to protect the safety of others and the community and (2) the preponderance of the evidence persuaded her that no combination of conditions would assure his appearance at future court proceedings. She based these conclusions on Defendant's prior criminal history, the fact that he engaged in criminal activity while on probation, parole, or supervision, his history of alcohol or substance abuse, and his prior failures to appear in court as ordered. (Doc. 16, pp. 2-3.) And at the hearing, Judge Morris noted additional facts, including Defendant's arrest followed him "fleeing law enforcement with children in the vehicle . . . ." (Doc. 33, p. 15.)

After reviewing the matter *de novo*, the Court finds that the facts justify detaining Defendant pending trial. He correctly observes his only prior violent felony was committed in 2008, when he was 17. However, he has committed other crimes more recently, and the seriousness of the crimes charged and the circumstances of his arrest confirm a need to protect the community pending his trial. Moreover, Defendant has previously failed to appear at hearings

2

(including, as Judge Morris noted, one as recently as March 2024).  These facts persuade the Court no condition or combination of conditions can assure the public's safety or Defendant's attendance at court proceedings.  Therefore, the Motion to Revoke Detention Order is **DENIED.**[1]

**IT IS SO ORDERED.**

DATE: May 21, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant also presents new facts that were not available at the time of the hearing before Judge Morris.  He has not asked Judge Morris to reconsider her Order in light of this new evidence; nonetheless, the Court is not persuaded it alters the outcome.  While some of the facts about Defendant's family circumstances are undeniably tragic, the new evidence does not persuade the Court that any condition or combination of conditions will guarantee the public's safety or Defendant's presence at court proceedings.